**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------------------

| | |
|---|---|
| REE WISITTASAK | : |
| 730 Moore Street | : |
| Philadelphia, PA 19148 | :   CIVIL ACTION NO. _____ |
| | : |
| Plaintiff, | :   **JURY TRIAL DEMANDED** |
| | : |
| v. | : |
| | : |
| 2509 SOUTH FOURTH OPERATING, LLC | : |
| d/b/a ST. MONICA CENTER FOR | : |
| REHABILITATION & HEALTHCARE | : |
| 701 Lansdale Avenue | : |
| Lansdale, PA 19446 | : |
| | : |
| Defendant. | : |

---------------------------------------------------------------

### CIVIL ACTION COMPLAINT

Plaintiff Ree Wisittasak. ("Plaintiff"), hereby brings this action against Defendant 2509 South Fourth Operating, LLC d/b/a St. Monica Center for Rehabilitation & Healthcare ("Defendant"), and alleges as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this complaint contending that Defendant has unlawfully failed to pay her overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*  Plaintiff also avers that Defendant has unlawfully failed to pay her "wages" as owed and due under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.*  Plaintiff further alleges that Defendant breached its contract with Plaintiff to pay Plaintiff her agreed-upon wages.  Finally, Plaintiff avers that Defendant

unlawfully terminated Plaintiff in retaliation for her good faith complaint(s) of not being paid overtime in violation of the FLSA.

2.      During the course of her employment, Plaintiff regularly worked more than forty (40) hours per week, but was not properly compensated for her work in that Plaintiff was not paid an overtime premium at 1.5 times her regular rate of pay for each hour worked in excess of forty (40) hours in a workweek in violation of the FLSA and PMWA.

3.      Accordingly, Plaintiff contends that she is owed unpaid wages and overtime compensation which was denied to her as a result of Defendant's unlawful pay practices.

4.      Plaintiff brings this action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."  See 29 U.S.C. § 216(b).

6.      This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7.      This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

8.      The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in this judicial district.

## PARTIES

9.     Plaintiff Ree Wisittasak, currently resides at 730 Moore Street, Philadelphia, 19148.

10.     Defendant 2509 South Fourth Operating, LLC d/b/a St. Monica Center for Rehabilitation & Healthcare, is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business and an address registered with the Pennsylvania Secretary of State at 701 Lansdale Avenue, Lansdale, PA 19446.

11.     Defendant is "private employer" who has an annual dollar volume of sales or business done of at least $500,000 and/or who engages in interstate commerce and is covered by the FLSA.

12.     Plaintiff is an employee who has been employed by Defendant during all relevant times hereto and, as such, is an employee entitled to the FLSA's protections.  See 29 U.S.C. § 203(e).

13.     At all times relevant hereto, Defendant acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

14.     Paragraphs 1 through 13 are hereby incorporated by reference as though the same were fully set forth at length herein.

15.     Plaintiff Ree Wisittasak, first began her employment with Defendant on or about July 15, 2020, when she was hired as a Nurse Manager at Defendant's location located at 2509 S. 4th Street, Philadelphia, PA 19148.

3

16.    As a Nurse Manager, Plaintiff's primary job duties include filling out paperwork, auditing Defendant, checking Defendant's lab, notifying Defendant's physicians regarding labs, and, in the event that Defendant was short-staffed, acting as a Nurse on Defendant's floor.

17.    Plaintiff was required to punch in and out of work for each work day.

18.    Plaintiff's employment offer letter states, "[Plaintiff's] rate of pay will be $40.00 hour." **See** Plaintiff's employment offer letter attached hereto as Exhibit A.

19.    Therefore, Plaintiff was paid on an hourly basis.

20.    As a result of being paid on an hourly basis, there are no exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff in her role as a Nurse Manager.

21.    Therefore, Plaintiff was, within the meaning of the FLSA and PMWA, a non-exempt employee of Defendant.

22.    Plaintiff routinely performed a total of fifty (50) or more hours worked each work week.

23.    Despite being an hourly employee and working fifty (50) or more hours each work week, Plaintiff would only be compensated for twenty-eight (28) hours per week.

24.    For example, the week of August 9, 2020 through August 15, 2020, Plaintiff worked approximately fifty (50) hours, but was not compensated at 1.5 times her regular rate of pay for all hours worked over forty (40) hours.

25.    Indeed, during the week of August 9, 2020, through August 15, 2020, despite working approximately fifty (50) hours, Plaintiff was only compensated for twenty-eight (28) of those fifty (50) hours worked.

26.     Critically, Plaintiff was not compensated at 1.5 times her regular rate of pay for all hours worked over forty (40) hours for each work week

27.     On or about September 10, 2020, Plaintiff made complaints to Defendant's Director of Nursing, Michael Maguire ("Mr. Maguire"), of not being compensated for all hours worked each work week, and for not being compensated at 1.5 times her regular rate of pay for all hours worked over forty (40) hours each work week.

28.     Plaintiff was advised by Mr. Maguire that he would check with Jeff LNU (Last Name Unknown), who was responsible for Defendant's payroll.

29.     Despite being told by Mr. Maguire that he would follow up with Jeff LNU to fix Plaintiff's payroll issue, Plaintiff's payroll was never adjusted to accurately reflect her hours worked.

30.     Moreover, when Plaintiff contacted Defendant's Human Resources Department to request copies of her time records and paystubs, Defendant's Human resources Department refused to provide Plaintiff with copies of same.

31.     Subsequent to her aforementioned complaints of Defendant failing to compensate her for all hours worked and for all hours worked over forty (40) hours at 1.5 times her regular rate of pay, Plaintiff was removed from Defendant's schedule on or about September 10, 2020.

32.     By failing to accurately track and compensate Plaintiff for all hours worked and for all hours worked over forty (40) hours, Defendant has failed to pay Plaintiff overtime compensation in violation of the FLSA/PMWA.

33.     Additionally, by failing to accurately track and compensate Plaintiff for all hours worked, Defendant has failed to pay Plaintiff "wages" as owed and due under the Pennsylvania Wage Payment and Collection Law ("WPCL").

34.     Defendant was aware that Plaintiff was working significant overtime hours without properly receiving overtime compensation as aforesaid.

35.     Plaintiff was compensated on an hourly basis and, as such, did not qualify for the exemptions from overtime for executive, administrative, or professional employees under the FLSA/PMWA.

36.     In addition, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff.

37.     Plaintiff was within the meaning of the FLSA and PMWA, a non-exempt employee of Defendant and therefore entitled to overtime compensation for all hours worked over forty (40) in a workweek.

38.     As a result of Defendant's aforesaid willful illegal actions, Plaintiff has suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201,** *et seq.*
**FAILURE TO PAY OVERTIME COMPENSATION**

39.     Paragraphs 1 through 38 are hereby incorporated by reference as though the same were fully set forth at length herein.

40.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

41.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

42.     Defendant failed to accurately track and maintain records of all hours worked by Plaintiff.

43.     As a result, Defendant failed to pay Plaintiff overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times his regular rate of pay.

44.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

45.     Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

46.     Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief;

A.     Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

B.     Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff for work performed in excess of forty (40) hours per week;

C.     Awarding Plaintiff back pay wages and/or overtime wages in an amount consistent with the FLSA;

D.     Awarding Plaintiff liquidated damages in accordance with the FLSA;

E.     Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

F.     Awarding pre- and post-judgment interest and court costs as further allowed by law; and

G.     For all additional general and equitable relief to which Plaintiff may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

47.    Paragraphs 1 through 46 are hereby incorporated by reference as though the same were fully set forth at length herein.

48.    The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to their employees.  See 43 P.S. § 333.113.

49.    The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one- and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.113.

50.    By their actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff for all hours worked.

51.    As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A.    An award to Plaintiff for the amount of unpaid overtime compensation to which she is entitled, including interest thereon, and penalties subject to proof;

B.    An award to Plaintiff of reasonable attorneys' fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

C.    An award to Plaintiff for any other damages available to her under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## COUNT III
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
### 43 P.S. § 260.1, *et seq.*
### FAILURE TO PAY WAGES

52.     Paragraphs 1 through 51 are hereby incorporated by reference as though the same were fully set forth at length herein.

53.     Plaintiff and Defendant entered into an employment contract whereby Plaintiff would be compensated at a rate of $40.00 per hour for the performance of Nurse Manager duties.

54.     At Defendant's instruction, Plaintiff provided her services for Defendant as requested, from July 15, 2020 to September 10, 2020, when she was removed from Defendant's schedule.

55.     However, Defendant failed to pay Plaintiff her wages of $40.00 per hour for all compensable work performed each work week.

56.     The aforementioned hourly pay constitutes "wages" which are due and owing under the Pennsylvania Wage Payment and Collection Law ("WPCL").

57.     Defendant unlawfully violated the WPCL by failing to pay Plaintiff her earned wages.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.     An award to Plaintiff in an amount equal to her unpaid wages;

B.     Liquidated damages of twenty-five percent (25%) under the WPCL;

C.     An award to Plaintiff of reasonable attorneys' fees and costs pursuant to the WPCL;

D.     Pre-judgment interest in an appropriate amount; and

E.      Such other and further relief as is just and equitable under the circumstances.

**COUNT IV**
**BREACH OF CONTRACT**
**<u>FAILURE TO PAY WAGES</u>**

58.      Paragraphs 1 through 57 are hereby incorporated by reference as though the same were fully set forth at length herein.

59.      Plaintiff and Defendant 2509 South Fourth Operating, LLC d/b/a St. Monica Center entered into an employment contract whereby Plaintiff would be compensated at a rate of $40.00 per hour for the performance of Nurse Manager duties.

60.      At Defendant's instruction, Plaintiff provided her services for Defendant as requested, from July 15, 2020 to September 10, 2020, when she was removed from Defendant's schedule.

61.      However, Defendant failed to pay Plaintiff her wages of $40.00 per hour for all compensable work performed each work week.

62.      Defendant breached the employment contract with Plaintiff by failing to pay Plaintiff her earned wages.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.      An award to Plaintiff in an amount equal to her unpaid wages;

B.      Pre-judgment interest in an appropriate amount; and

C.      Such other and further relief as is just and equitable under the circumstances.

**COUNT V**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201, *et seq.***
**<u>RETALIATION</u>**

63.     Paragraphs 1 through 62 are hereby incorporated by reference as though the same were fully set forth at length herein.

64.     Plaintiff engaged in protected activity under the FLSA by complaining of Defendant's unlawful business practices regarding unpaid overtime wages.

65.     Shortly thereafter, Defendant retaliated against Plaintiff in the manner described above, ultimately terminating Plaintiff's employment for reasons which are clearly pretextual.

66.     By reason of the foregoing, Defendant, through their agents, officers, servants, and/or employees have violated the FLSA by discharging Plaintiff in retaliation for engaging in protected activity under the FLSA.

67.     As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings, earnings potential, raises, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully request that this Court enter judgment in her favor against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.     Back wages, bonuses, and compensatory damages in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00);

B.     Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

11

C.      Punitive, liquidated, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for their intentional, negligent, willful, wanton, and/or malicious conduct;

D.      Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this matter;

E.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

F.      Pre-judgment interest in an appropriate amount;

G.      Such other and further relief as is just and equitable under the circumstances.


## JURY DEMAND

Plaintiff hereby demand a trial by jury as to all issues so triable.




                              Respectfully submitted,



                              **MURPHY LAW GROUP, LLC**


                              By:   */s/ Benjamin Salvina*
                                    Benjamin Salvina, Esquire
                                    Eight Penn Center, Suite 2000
                                    1628 John F. Kennedy Blvd.
                                    Philadelphia, PA 19103
                                    TEL: 267-273-1054
                                    FAX: 215-525-021
                                    bsalvina@phillyemploymentlawyer.com
Dated: July 6, 2021                 *Attorneys for Plaintiff*

## **DEMAND TO PRE\SERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.

# EXHIBIT A



**ST. MONICA CENTER**
*for*
**REHABILITATION & HEALTHCARE**

2509 S. 4th Street
Philadelphia, PA 19148
215-271-1080

July 10, 2020

Re: Employment Offer
Ree Wisittasak, RN

Dear Ms. Wisittasak:

This is to confirm our offer as a Full Time RN Unit Manager at St. Monica Center for Rehabilitation & Healthcare. Your rate of pay will be $40.00 hour.

This offer and your subsequent employment are contingent upon results of criminal background check, verification of your references, completion of a physical, and a Tuberculin Skin Test (TST) or a chest x-ray prior to your start date. (This requires that you receive two injections and it takes a minimum of ten days.) You will be required to receive the influenza vaccination annually as a condition of your employment.

This position is a Limited Exempt level position and you will be offered all benefits available to that level of employee. In addition, you will receive benefits on the first of the month following 60 days of employment. You will receive 10 days of vacation, 7 accrued PTO days and 6 company holidays. You will be eligible to join the facility's 401k plan once you meet plan eligibility. You are considered an at-will employee.

You will be required to provide us with two forms of current identification establishing your eligibility to work in the United States, as is required by Federal law. You will also need to provide a voided check or ACH direct deposit form as all employees are paid via direct deposit only.

Congratulations and welcome to St. Monica Center for Rehabilitation & Healthcare.

Sincerely,

Danielle Parkinson

Danielle Parkinson
Executive Secretary/HR

The provisions of this offer of employment have been read, understood and the offer is herein accepted. Please sign in the place provided below and return a copy of this letter by the first day of orientation.

Signature: _____     Date: _____